2006 NMSC 008
STATE OF NEW MEXICO, Plaintiff-Appellee,
v.
MICHAEL TREADWAY, Defendant-Appellant.
Docket No. 26,218.
Supreme Court of New Mexico.
Corrected March 22, 2006.
Filing Date: February 16, 2006.
Phyllis H. Subin, Chief Public Defender, Jeffrey J. Buckels, Assistant Public Defender, Albuquerque, NM, for Appellant.
Patricia A. Madrid, Attorney General, M Victoria Wilson, Assistant Attorney General, Santa Fe, NM, for Appellee.

OPINION
[[authro]]MAES, Justice.
{1} Defendant, Michael Treadway, was convicted of felony murder after shooting and killing Red Prather, a store owner in Texico, during a robbery. Because Defendant was sentenced to death, we have jurisdiction over his appeal pursuant to Article VI, Section 2 of the New Mexico Constitution. Defendant presents numerous arguments to this Court as to why his death sentence should be vacated. These include: that there was insufficient evidence to prove the murder of a witness aggravating circumstance according to which he was sentenced; that this case is indistinguishable from any killing in the course of an armed robbery and therefore that to permit the death penalty to stand would constitute judicial creation of an "armed robbery aggravator" and would violate separation of powers; that premeditation generally was eliminated from the case when the charge of premeditated murder was dismissed and so there can be no sufficient intent to support the murder of a witness aggravator; that the death penalty is applied to Defendant disproportionately; that the prosecutor engaged in prejudicial misconduct; that evidentiary rulings during the penalty phase of the case limited the defense case and resulted in jury passion and prejudice; that the trial court improperly permitted the prosecution to rebut its own evidentiary presentation; that there was instructional error; that the Capital Felony Sentencing Act, NMSA 1978, §§ 31-20A-1 to 6 (1979, as amended through 1991), is unconstitutional in six separate respects; and that there was cumulative error.
{2} Defendant's principal argument is that there was insufficient evidence to prove the aggravating circumstance of murder of a witness beyond a reasonable doubt. We agree. We begin our analysis by noting that the murder of a witness aggravator requires the killing of a witness to a crime with specific intent, that is "for the purpose of preventing report of the cirme or testimony in any criminal proceeding." See NMSA 1978, § 31-20(A)-5(G) (1981); see also State v. Henderson, 109 N.M. 655, 665, 789 P.2.d 603, 613 (1990) (Ransom, J., concurring in part and dissenting in part) (finding, under statute, that a specific criminal intent is required), overruled on other grounds by Clark v. Tansy, 118 N.M. 486, 493, 882 P.2d 527, 534 (1994). Therefore, the issue is whether there was sufficient evidence that Defendant killed Red Prather to prevent him from reporting the robbery then in progress or to prevent him from testifying to the facts thereof. We hold that as a matter of law, there was insufficient evidence to prove the murder of a witness aggravating circumstance.

FACTS
{3} On December 11, 1997, Defendant and two others decided to rob a store called the Play-A-Rama. They had been using cocaine, marijuana, and alcohol. The three of them first drove around the area to plan their crime and discuss the robbery. They returned to the store a short time later. Defendant, who had made himself a mask and armed himself with a loaded revolver, told the others to drop him off, drive around for a few minutes, and come back and pick him up. There was no discussion among the three of actually carrying out a shooting.
{4} Defendant was dropped off and walked into the store wearing the mask so as not to be recognized. The store was empty. Prather was in the back. He came into the store area and found Defendant near the counter. Defendant pointed the gun in the direction of Prather and demanded his wallet. Prather said he did not have any money. In his confession, Defendant stated that Prather came toward Defendant as if he were going to "get" him. Prather grabbed hold of a sawed-off pool cue with a nail in the end as well as the telephone.
{5} The prosecution argued from circumstantial evidence that Prather did not come toward Defendant in a threatening manner; rather Defendant shot Prather because he had grabbed the phone. The prosecution argued alternatively, however, that Defendant may have shot because Prather refused to hand over his wallet. Police found the pool cue on the counter and the telephone on the floor around Prather's feet. Defendant shot Prather three times, took the wallet, and fled.
{6} His accomplices picked up Defendant after he left the Play-A-Rama. They went to Defendant's girlfriend's house. Defendant told the others to go back to the store, remove Defendant's fingerprints from the door area and, as if to buy cigarettes, pretend to discover the body, and report that Prather had been shot. They tried to carry this out, but in the course of police questioning, they confessed to their roles in the crime and stated that Defendant told them he had shot Prather. Meanwhile, Defendant tried to cover up the crime by treating his hands with wax to remove gunpowder residue, setting fire to the clothes he was wearing and other evidence, and hiding the gun. Defendant told his girlfriend to say he was with her at the relevant time. Defendant later confessed to the killing.

STANDARD OF REVIEW
{7} The sufficiency of the evidence is reviewed pursuant to a substantial evidence standard. State v Sutphin, 107 N.M. 126, 131 753 P.2d 1314, 1319 (1988). "[T]he relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Garcia, 114 N.M. 269, 274, 837 P.2d 862,867 (1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). This Court evaluates the sufficiency of the evidence in a criminal case by viewing the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction, and disregarding all evidence and inferences to the contrary. State v. Rojo, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We will not substitute our judgment for that of the fact finder, nor will we re-weigh the evidence. State v. Hernandez, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993).

DISCUSSION
{8} The basis for concluding that there was insufficient evidence to support a conviction, under the aggravating circumstance of the murder of a witness, is that the facts are insufficient to support the conclusion that Defendant shot Prather because Prather could be shown to have had the intent to report the crime of the ongoing robbery. We take as our analytical starting point Garcia, 114 N.M. 269, 837 P.2d 862. In that case, the evidence was that the defendant and the ultimate victim, Gutierrez, had a history of animosity. Id. at 270, 837 P.2d at 863. On the day of the killing, these two and some others bought some liquor and went to a house where a party was going on. Id. Garcia and Gutierrez began arguing. Id. They appeared to reconcile but then resumed arguing. Id. They were told to "take it [their argument] to the street." Garcia remarked, "Remove [him] away from me or you're not going to be seeing him for the rest of the day." Id.
{9} The trial court in Garcia denied a defense motion for directed verdict on the charge of first-degree premeditated murder, and the defendant was convicted by the jury. Id. at 271, 837 P.2d at 864. Considering the difference between first- and second-degree murder, we reversed, holding that the evidence was insufficient to support a first-degree murder conviction because no rational jury could have found premeditation and deliberation beyond a reasonable doubt. Id. at 274, 837 P.2d at 867. We said the appellate court's role in such a situation is to determine whether any rational jury could have found each element of the crime beyond a reasonable doubt:
This does not involve substituting the appellate court's judgment for that of the jury in deciding the reasonable-doubt question, but it does require appellate court scrutiny of the evidence and supervision of the jury's fact-finding function to ensure that, indeed, a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction.
Id.
{10} "The legislature has given us the responsibility to review death sentences on appeal and determine whether the evidence supports the jury's finding of a statutory aggravating circumstance. In assessing the death penalty we must apply that `greater degree of scrutiny' called for by the Constitution." Henderson, 109 N.M. at 660-61, 789 P.2d at 608-09 (citation omitted). The manner of killing in this case, three gunshots at close range, including one in the eye, supports an intent to kill. See Jackson, 443 U.S. at 325. However, we do not believe that this evidence supports the further intent to kill Prather for the purpose of preventing the report of a crime. Additionally, although Defendant sought to conceal his identity and attempted to cover up the crime, this evidence alone is inadequate to support the specific intent required by Section 31-20(A) -5(G) because there existed other plausible motives for the killing. See Henderson, 109 N.M. at 660, 789 P.2d at 608 (stating that such evidence can be sufficient to support this aggravating circumstance when there is a "lack of other plausible motive").
{11} Finally, we acknowledge that the evidence, including Defendant's statement, indicates that Prather grabbed the telephone immediately before being shot, supporting an inference that Prather intended to call the police. Nevertheless, we do not believe that this evidence, even when viewed in conjunction with the other evidence, supports a reasonable inference that Defendant formed a specific intent to kill for the purpose of preventing the report or a crime. According to the record, only a few seconds elapsed between Prather's reaching for the telephone and the shooting. While it is true that "[a] calculated judgment and decision may be arrived at in a short period of time," UJI 14-201 NMRA 2002, we believe that the paucity of additional evidence supporting an inference of a specific purpose to prevent the report of a crime, coupled with the heightened scrutiny that we are bound to apply in cases involving the extraordinary penalty of death, counsels against reliance on this rule in the present case.
{12} Our conclusion that there is insufficient evidence to support the aggravating circumstance in this case is reinforced by the actions of the prosecutor and the trial judge. At the close of the State's case in chief, Defendant moved for a directed verdict on the charge of deliberate intent first degree murder. Following a discussion among the trial judge, the prosecutor, and defense counsel, the prosecutor agreed to dismiss the charge, and the trial judge accepted the dismissal. The State argues before this Court that the dismissal of the charge did not require the trial judge to rule on the issue of deliberation. We disagree. Defendant's motion for directed verdict sought a ruling that there was insufficient evidence of a deliberate intent to kill. The prosecutor, by agreeing to dismiss the charge, conceded this claim. The trial judge's decision to accept the prosecutor's acquiescence in the dismissal of the charge is a ruling that as a matter of law the State presented insufficient evidence to establish a deliberate intent to kill, and this ruling operated as an acquittal on the charge of deliberate intent first degree murder. See County of Los Alamos v. Tapia, 109 N.M. 736, 739, 790 P.2d 1017, 1021 (1990).("[A] defendant who demurs to the evidence as `insufficient to establish his factual guilt' has been acquitted. . . ." (quoting Smalis v. Pennsylvania, 476 U.S. 140, 144 (1986)). It would be anomalous for this Court to conclude that there was sufficient evidence of a specific intent to kill for the purpose of preventing the report of a crime when the prosecutor and the trial judge determined that there was not an adequate opportunity for "careful thought" or a "calculated judgment," especially considering the gravity of the penalty at issue.

CONCLUSION
{13} For these reasons, we conclude that the State failed to present sufficient evidence to support a finding beyond a reasonable doubt of the essential elements of the aggravating circumstance of murder of a witness for the purpose of preventing the report of a crime. Accordingly, the judgment of the trial court is reversed and the case remanded for imposition of life sentence. In light of this reversal, we need not review the remainder of the issues raised by Defendant on appeal.
{14} IT IS SO ORDERED.
 ________________________________
 PETRA JIMENEZ MAES, Justice
 WE CONCUR:
 ________________________________
 PATRICIO M. SERNA, Chief Justice
 ________________________________
 JOSEPH F. BACA, Justice
 ________________________________
 GENE E. FRANCHINI, Justice
 ________________________________
 PAMELA B. MINZNER, Justice