This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                       **NO. 30,427**

**ANDREW OLIVAS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Ralph D. Shamas, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant Andrew Olivas appeals his convictions for aggravated assault (deadly weapon) and conspiracy to commit aggravated assault. This Court filed a notice of proposed summary disposition proposing to affirm. Defendant filed a memorandum in opposition to summary affirmance, which we have duly considered. We affirm the district court.

**Sufficiency of the Evidence**

In his first issue, Defendant contends that the verdicts were not supported by substantial evidence. Whether there is sufficient evidence to support a conviction is a question of law which we review de novo. *State v. Neatherlin*, 2007-NMCA-035, ¶ 8, 141 N.M. 328, 154 P.3d 703. "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "The State must offer sufficient evidence to prove each element of the crime charged, beyond a reasonable doubt." *State v. Baca*, 1997-NMSC-059, ¶ 13, 124 N.M. 333, 950 P.2d 776. "This Court evaluates the sufficiency of the evidence in a criminal case by viewing the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction, and disregarding all evidence and inferences to the contrary." *State v. Treadway*, 2006-NMSC-008, ¶ 7, 139 N.M. 167,

130 P.3d 746. "We will not substitute our judgment for that of the fact finder, nor will we re-weigh the evidence." *Id.*

As relevant to this case, assault consists of "any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery[.]" NMSA 1978, § 30-3-1(B) (1963). "Aggravated assault consists of . . . unlawfully assaulting or striking at another with a deadly weapon[.]" NMSA 1978, § 30-3-2(A) (1963). The jury was instructed that to find Defendant guilty of aggravated assault by use of a deadly weapon, the State had to prove to the jury's satisfaction beyond a reasonable doubt each of the following elements:

      1.     The defendant threatened to shoot Servando Arrellanes;
      2.     The defendant's conduct caused Servando Arrellanes to believe the defendant was about to intrude on Servando Arrellanes['s] bodily integrity or personal safety by touching or applying force to Servando Arrellanes in a rude, insolent or angry manner;
      3.     A reasonable person in the same circumstances as Servando Arrellanes would have had the same belief;
      4.     The defendant used a firearm;
      5.     This happened in New Mexico on or about the 28th day of September, 2008.

[RP 124] *See* UJI 14-305 NMRA.

"Conspiracy consists of knowingly combining with another for the purpose of committing a felony within or without this state." NMSA 1978, § 30-28-2(A) (1979). In this case, the felony was aggravated assault as described above. The jury was

instructed that to find Defendant guilty of conspiracy to commit aggravated assault by use of a deadly weapon, the State had to prove to the jury's satisfaction beyond a reasonable doubt each of the following elements:

1.     The defendant and another person by words or acts agreed together to commit aggravated assault with a deadly weapon;
2.     The defendant and the other person intended to commit aggravated assault;
3.     This happened in New Mexico on or about the 28th day of September, 2008.

[RP 125]  *See* UJI 14-2810 NMRA.  Proof of conspiracy may be established by inference from circumstantial evidence.  *State v. Hernandez*, 1997-NMCA-006, ¶ 41, 122 N.M. 809, 932 P.2d 499.  "The primary question is whether circumstances, taken together, show the parties united to accomplish an illegal scheme."  *Id.*

Servando Arrellanes, the victim, testified to the following at trial.  He had dated Defendant's sister one or two years before the date of the incident, but they had broken up.  [DS 3]  Arrellanes did not like Defendant and believed the shooting was related to his breakup with Defendant's sister.  [Id.]  Defendant had burst into the house where Arrellanes and others were drinking.  [DS 4]  Defendant had a handgun and was accompanied by Joe Jacob, who had a shotgun.  [Id.]  Defendant began to fight with Arrellanes, in the course of which shots were fired.  [Id.]

Natasha Sanchez testified that Defendant had picked up his gun and fired shots at Arrellanes.  [DS 6]  Yuseli Cabral testified that she had seen Defendant and Joe

4

Jacob burst through the door of the house and that she had heard two shots. [DS 7] Her testimony that Defendant had a big gun and Jacob had a little gun was inconsistent with Arrellanes's testimony that Jacob had a shotgun. [Id.] Josie Ramirez testified that she heard a kick on the door and that Defendant came in first with a 9mm pistol. [DS 9]

The evidence set forth above is consistent with a scenario in which Defendant or Joe Jacob kicked in the door of the house where Arrellano was and that Defendant entered with a pistol drawn. Servando Arrellanes or any reasonable person in the circumstances would have believed Defendant was about to intrude on his or her bodily integrity or personal safety by touching or applying force in a rude, insolent or angry manner. Accordingly, we conclude that substantial evidence supported Defendant's conviction for aggravated assault by deadly weapon. Further, from circumstances described in the testimony, such as the fact that Defendant and Joe Jacob arrived at the same time and brandished guns, the jury could infer that the two had conspired to commit the assault. We affirm the district court on this issue.

**Questioning by the Judge**

Defendant's second issue asks whether the judge's questioning of Defendant's friend was prejudicial. As described in the amended docketing statement, the friend, Stephen Castillo, testified that he had gone to the house where the incident occurred

with Defendant and Joe Jacob in Jacob's car. [DS 5, 10] He stayed outside talking to some girls while the Defendant and Jacob went inside. [DS 10] He heard two shots. [Id.] Although he had been a passenger in Jacob's car when he arrived, he drove the car when he left with Defendant and Jacob. [Id.] After Castillo had so testified, the judge asked him how he ended up driving the car. [Id.] Castillo responded that he was not sure, upon which the judge said, "Get down. Go ahead. May he be excused?" [DS Amendment, Exh. A] The docketing statement characterizes the judge's questioning as "question[ing] the witness's credibility." [DS 10]

Defendant acknowledges that his objection to the judge's questioning of Castillo was not preserved at trial. [DS 13] "An exception to the general rule barring review of questions not properly preserved below . . . applies in cases which involve fundamental error." *State v. Varela*, 1999-NMSC-045, ¶ 11, 128 N.M. 454, 993 P.2d 1280 (internal quotation marks and citation omitted); *see* Rule 12-216(B) NMRA. "Fundamental error may be resorted to if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *State v. Osborne*, 111 N.M. 654, 662, 808 P.2d 624, 632 (1991) (internal quotation marks and citations omitted).

Rule 11-614(B) NMRA provides that "[t]he court may interrogate witnesses,

whether called by itself or by a party; provided, however, that in trials before a jury, the court's questioning must be cautiously guarded so as not to constitute an implied comment." "A trial judge . . . may properly propound questions to the witnesses, so long as he keeps the same within the bounds demanded of him by his position as trial judge, and so long as he displays no bias against or favor for either of the litigants." *State v. Sedillo,* 76 N.M. 273, 275, 414 P.2d 500, 501 (1966).

We conclude that the judge's questioning of Stephen Castillo did not amount to an implied comment on his credibility. It strikes us as more of a request for clarification, as it is reasonable in the context to want to know why Jacob asked, told, or allowed Castillo to drive. More pertinent to the fundamental error standard of review, however, is that several witnesses' testimony strongly supported the jury's finding Defendant guilty of aggravated assault and conspiracy. Accordingly, we conclude that Defendant's guilt is not so doubtful that it would shock the conscience to permit his conviction to stand.

**CONCLUSION**

For the reasons stated above, we affirm the district court.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

7

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**