This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 32,196**

**MARTHA O. VARELA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant Martha Varela appeals her convictions after jury trial for two counts of forgery in violation of NMSA 1978, Section 30-16-10(A) (2006), two counts of theft of identity in violation of NMSA 1978, Section 30-16-24.1 (2009), and one count of fraud in violation of NMSA 1978, Section 30-16-6 (2006). On July 17, 2012, this Court filed a notice of proposed summary disposition proposing to affirm. Defendant filed a memorandum in opposition, which we have given due consideration. We affirm Defendant's convictions.

In her memorandum in opposition to proposed summary affirmance, Defendant continues to argue that there was insufficient evidence at trial to establish that she was the person who cashed the two stolen checks at the supermarket—the incidents that resulted in the charges against her. [MIO 6-7] She correctly asserts that identity is a fact that must be proven at trial beyond a reasonable doubt. *See, e.g.*, *State v. Jimenez*, 2003-NMCA-026, ¶ 8, 133 N.M. 349, 62 P.3d 1231 ("[I]dentity is a critical component of criminal proceedings and . . . the [s]tate is required to show that the person sitting in the courtroom is the person who committed a criminal offense outside the courtroom."), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461. Defendant's docketing statement indicates that evidence at her jury trial included surveillance videos and testimony by investigating police officers, the store manager,

2

a cashier, and Defendant herself. [DS 3] Defendant does not identify any specific aspects of this evidence that would preclude the jury from concluding that all of the elements of the charged offenses were established beyond a reasonable doubt. Similarly, the jury could have found Defendant's claim that she did not speak English well enough to write and cash the checks to be incredible, given the jury's opportunity to observe her in court notwithstanding the fact that she testified through an interpreter. [DS 3; MIO 7] As we stated in our notice of proposed summary disposition, "[t]his Court evaluates the sufficiency of the evidence in a criminal case by viewing the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction, and disregarding all evidence and inferences to the contrary." *State v. Treadway*, 2006-NMSC-008, ¶ 7, 139 N.M. 167, 130 P.3d 746. "We will not substitute our judgment for that of the fact finder, nor will we re-weigh the evidence." *Id.*

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

3

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**CYNTHIA A. FRY, Judge**