This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. A-1-CA-37050

**ACE GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, convicting him of criminal sexual penetration of a minor in the second degree (CSPM), criminal sexual contact of a minor (CSCM), contributing to the delinquency of a minor (CDM),

and concealing identity. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition, which we have duly considered. We remain unpersuaded and affirm.

{2}     On appeal, Defendant challenges the sufficiency of the evidence to support his convictions. To avoid the duplication of efforts, we do not reiterate our full analysis of the evidence here and instead focus on the arguments made in response to our notice.

{3}     Defendant's memorandum in opposition contends that insufficient evidence was presented to support his conviction for concealing identity because Defendant only briefly denied, before then admitting, his identity before he admitted his identity to police while standing with the officers in his home. [MIO 6] Defendant argues that where there is only a brief moment in time between when a defendant reasonably knows his actions might hinder an investigation and when the obstructive action takes place, our New Mexico Supreme Court has declined to hold that the action can sustain a finding of specific intent. [MIO 6] The cases upon which Defendant relies, however, have no bearing on the issue before us because the crimes, statutes, inquiries, standards, and evidence are unrelated to the case before us now. Rather, in the case Defendant cites our Supreme Court resolved whether the State had established a record that narrowed the defendants' motive to kill under a standard of reasonable

probabilities to prove an aggravating factor to make the murders death eligible—a motive to kill for the specific purpose of silencing a witness. *See State v. Martinez*, 2006-NMSC-007, ¶¶ 31, 41, 139 N.M. 152, 130 P.3d 731. Because *Martinez* involved the death penalty, the Court applied the greater degree of scrutiny called for by the Constitution. *Id*. ¶ 10. In so doing, it determined there to be no evidence of a direct link to the defendants' motive to kill the victims, where one shooting was almost instantaneous with the victim picking up a phone and the other shooting was simply unexplained, and rejected the State's theory that by default the murders were death eligible because no other motive seemed more likely. *See id.*, ¶¶ 31, 35, 39, 41; *State v. Treadway*, 2006-NMSC-008, ¶¶ 10-12, 139 N.M. 167, 130 P.3d 746 (noting also that the district court directed a verdict on deliberate intent first degree murder, and the defendant was convicted for felony murder).

{4}　　In marked contrast, in the current case Defendant gave the officers a false name when they went to his house to speak with him about the victim's (A.A.'s) allegations. [DS 4] Defendant then proceeded to pretend to call the real Ace Garcia on the phone and pretended to speak with him about contacting the authorities. [DS 4] These were overt acts by Defendant from which the jury could infer his intent. The concealing identity statute does not require proof that Defendant's actions actually hindered an investigation, nor does it require proof that the defendant intended to hinder an

3

investigation for a long period of time. *See* NMSA 1978, § 30-22-3 (1963) ("Concealing identity consists of concealing one's true name or identity, or disguising oneself with intent to obstruct the due execution of the law or with intent to intimidate, hinder or interrupt any public officer or any other person in a legal performance of his duty[.]"). In *State v. Dawson*, 1999-NMCA-072, ¶ 12, 127 N.M. 472, 983 P.2d 421, we stated that "[a]ny delay in identifying oneself would 'hinder' or 'interrupt' law enforcement officers" within the meaning of Section 30-22-3. *See Dawson*, 1999-NMCA-072, ¶ 12 (holding that "Section 30-22-3 requires a person to furnish identifying information immediately upon request or, if the person has reasonable concerns about the validity of the request, so soon thereafter as not to cause any substantial inconvenience or expense to the police." (internal quotation marks and citation omitted)). We believe the evidence was sufficient to prove that Defendant intended to hinder or interrupt the police when he gave the officers a false name and continued the misrepresentation by pretending to be another person calling the real Ace Garcia to encourage him to contact police.

{5} Defendant's memorandum in opposition also contends that there was insufficient evidence presented that he provided alcohol to A.A., the fourteen-year-old victim, for purposes of his conviction for CDM, as it was instructed to the jury. [RP 110] Defendant's argument is phrased in such a way that it does not state what

4

evidence was presented. [MIO 7] Defendant seems to concede that A.A. testified that she felt pressure to drink alcohol with Defendant, his sister, and her boyfriend, but complains that there was no evidence in the record to explain why A.A. felt pressured to drink alcohol or how she obtained it. [DS 3; MIO 7] Even if A.A.'s testimony did not state precisely what was done or said to make her she feel pressured, we are persuaded that the circumstances and the docketing statement's representation that A.A. testified that she was pressured into drinking shots of alcohol constitute sufficient evidence from which the jury could infer that Defendant provided her with alcohol. *See State v. Graham*, 2005-NMSC-004, ¶ 13, 137 N.M. 197, 109 P.3d 285 ("We view the evidence as a whole and indulge all reasonable inferences in favor of the jury's verdict.").

{6}    Defendant does not dispute that he first dropped off A.A.'s mother, Defendant's girlfriend, at work and was supposed to take A.A. to school. [RP 14; DS 3; MIO 1] Instead, it appears Defendant told A.A. that she was going with him to his sister's house. [RP 14; DS 3; MIO 1] Once there, Defendant, his sister, and her boyfriend drank shots of alcohol, and A.A. testified that she felt pressure to do the same. [Id.] The evidence suggests that Defendant was the adult in charge of A.A. and her whereabouts during this time. There is no indication that there were any other minors at Defendant's sister's residence or that Defendant had arranged anything else for

5

A.A. to do while all the adults were drinking shots. From this evidence and A.A.'s testimony that she felt pressured to join the adults in drinking shots of alcohol, we believe the jury could infer that Defendant provided A.A. with alcohol. *See Graham*, 2005-NMSC-004, ¶ 13 ("Appellate courts faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." (internal quotation marks and citation omitted)).

{7}     To the extent Defendant testified that A.A. took his alcohol without his knowledge, the jury was free to reject his version of events in favor of the State's theory that Defendant provided it to her. *See State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." (internal quotation marks and citation omitted)). For the reasons stated above and in our notice, we hold that sufficient evidence was presented to support Defendant's conviction for CDM. *See id.* ("We do not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence, and we do not weigh the evidence or substitute our judgment for that of the fact-finder

6

so long as there is sufficient evidence to support the verdict." (alterations, internal quotation marks, and citation omitted)).

**{8}** Defendant's memorandum in opposition also argues that the evidence was insufficient to support his conviction for CSPM because Defendant's DNA was found only on A.A.'s breast, not around her vagina. [MIO 8-9] A.A. testified, however, that Defendant caused her to engage in sexual intercourse when she was fourteen years old after he had given her shots of alcohol, and that she was so drunk that she had thrown up on herself. [DS 3-4] Defendant also does not dispute that A.A. testified that Defendant forcefully grabbed her, took off her clothes, and forced her to have intercourse with him. [RP 15] *See, e.g.*, *State v. Samora*, 2016-NMSC-031, ¶ 35, 387 P.3d 230 (stating that the victim's testimony may supply sufficient evidence to support the conviction beyond a reasonable doubt). The State also presented evidence of damage or bruising to A.A's vaginal canal. [MIO 9]

**{9}** It is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie. *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. Viewing the evidence in light most favorable to the verdict, we hold that the evidence was sufficient to support Defendant's conviction for CSPM. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (stating that the reviewing court "view[s] the evidence in the light

most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict").

{10}     Lastly, Defendant contends that the evidence was insufficient to establish that Defendant used physical force or physical violence or that the A.A. was unconscious or physically helpless when Defendant touched her breasts, for purposes of his conviction for CSCM. [MIO 9-10; RP 107] To the contrary, the evidence indicates that after getting A.A. so drunk that she threw up on herself, and before causing her to have sexual intercourse with him, Defendant forcefully grabbed her breasts under her clothes, and the evidence showed that Defendant left his DNA on her breasts. [DS 3-4] Defendant's response does not provide us with any reason to believe this evidence was insufficient to support his conviction for CSCM.

{11}     For the reasons stated in our notice and in this opinion, we affirm the district court's judgment and sentence.

{12}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

8

_____

**HENRY M. BOHNHOFF, Judge**