[No. B193624. Second Dist., Div. Six. Nov. 5, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK REYNALDO MARTINEZ, Defendant and Appellant.

## COUNSEL

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Paul M. Roadarmel, Jr., Lance E. Winters, April S. Rylaarsdam and Sonya Roth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COFFEE, J.**—Frank Reynaldo Martinez appeals his conviction by jury of driving under the influence with a prior felony DUI conviction (Veh. Code, §§ 23550.5, 23152, subd. (a); count 1), driving with a blood-alcohol content of 0.08 percent or more with a prior felony DUI conviction (*id.*, §§ 23550.5, 23152, subd. (b); count 2), two counts of driving under the influence with three or more prior DUI convictions (*id.*, § 23550; counts 3 & 4), and his conviction by court trial of driving on a suspended license (*id.*, § 14601.2,

subd. (b); count 5). The trial court found true allegations in counts 1 through 4 that Martinez had served a prior prison term. (Pen. Code, § 667.5, subd. (b).)[1]

The court sentenced Martinez to four years in state prison consisting of a three-year sentence for count 1 plus a consecutive one-year term for the prior prison term, concurrent four-year terms for counts 2 through 4, and a concurrent 365-day term for count 5, to be served in any penal institution.

Martinez contends that the prosecution did not establish the corpus delicti of the crime of driving under the influence, that the trial court had a sua sponte duty to instruct the jury on a lesser included offense of attempted driving under the influence, that his sentences on counts 2 through 5 should have been stayed pursuant to section 654 because they arose from one act of driving, and that imposition of the upper term sentences violated his constitutional right to a jury trial. We modify the judgment to stay the sentences for counts 2 through 4, but otherwise affirm.

## FACTS AND PROCEDURAL BACKGROUND

California Highway Patrol Officers Adam Woods and Paul Varner saw a silver BMW parked facing the wrong way on Crescent Way at 1:35 in the morning on April 5, 2006. The car's engine was running and the lights were on. Brenda Montes was sitting in the front passenger seat, wearing a seatbelt. She told the officers that Martinez had driven the car to that position about five minutes earlier, and that he was inside AAA Auto Detail Repair, his workplace. The AAA Auto building was on the same side of the street and just slightly west of the BMW. Montes did not testify at trial, and the trial court instructed the jury that they could consider her statement only for its effect on the officers' state of mind, and not for the truth of the matter asserted.

Officer Woods testified that as he approached AAA Auto, Martinez came out of the building. Martinez told Officer Woods that he had driven the car to its present location. The parties stipulated that Martinez was under the influence of alcohol at the time he allegedly drove the vehicle, and that immediately after his arrest, when tested by the California Highway Patrol, his blood-alcohol content was 0.14 percent. The officers saw only Martinez and Montes in the vicinity, and there was no other car parked in front of AAA Auto. Officer Varner entered the AAA Auto building and looked around, but saw no one else inside.

---

[1] All further statutory references are to the Penal Code.

Martinez's cousin, Santos Alas, testified at trial that he was the person that parked the BMW in front of AAA Auto on April 5, 2006. Alas testified that he parked it in front of AAA Auto in order to illuminate another car that he intended to jump-start. Alas testified that after he parked the BMW, he left in another car to get gasoline. He left about 11:00 or 11:30 p.m. When he left, only Martinez and Montes remained at AAA Auto.

At the time of arrest, Martinez's driver's license was suspended, he was on parole, and he had numerous other prior convictions for driving under the influence. Martinez waived jury trial on count 5, driving on a suspended license, and on the prior conviction elements of counts 1 through 4. The jury found Martinez guilty of counts 1 through 4. The trial court found him guilty of count 5 and found true the prior conviction elements of counts 1 through 4 and the prior prison term allegations.

### Corpus Delicti

██ Martinez contends that the prosecution did not present sufficient proof of the corpus delicti independent of Martinez's extrajudicial statements. We disagree. The corpus delicti of the crime was established by evidence that an automobile was parked facing the wrong way with its engine running and its headlights on, and evidence that there were only two people in the vicinity, one of whom was in the passenger seat with her seatbelt buckled, and one of whom was intoxicated.

██ The corpus delicti of a crime must be established independently of the extrajudicial statements of the defendant. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1169 [119 Cal.Rptr.2d 903, 46 P.3d 372].) The purpose of the rule is to assure that a defendant has not confessed to a crime that did not occur. (*People v. Jones* (1998) 17 Cal.4th 279, 301 [70 Cal.Rptr.2d 793, 949 P.2d 890].) A slight or prima facie showing is sufficient to establish the corpus delicti. (*People v. Scott* (1999) 76 Cal.App.4th 411, 416 [90 Cal.Rptr.2d 435].) ██ The corpus delicti of the offense of driving under the influence consists of proof that the automobile was being driven by some person who was under the influence of alcohol. (*People v. Bowen* (1992) 11 Cal.App.4th 102, 106 [14 Cal.Rptr.2d 40].) Here, an inference that the car was driven is supported by its running engine and lighted headlights. An inference that the driver was under the influence is supported by the stipulation that Martinez was under the influence and the fact that the only other person in the vicinity was sitting in the passenger seat with her seatbelt on. Alas was eliminated as a driver because he left the area at 11:00 or 11:30 p.m., hours before the officers arrived.

"[W]hen it is established by competent evidence that no one in the reasonable vicinity except the suspect acknowledges having been the driver

of the car and the suspect has some demonstrable connection with the vehicle, it then becomes a reasonable inference from circumstantial evidence that the suspect was, in fact, the driver." (*People v. Moreno* (1987) 188 Cal.App.3d 1179, 1189 [233 Cal.Rptr. 863].) In *Moreno*, a conviction of driving under the influence was reversed based on ineffective assistance of counsel because the corpus delicti was not established and defense counsel did not object to admission of the defendant's extrajudicial statement. In *Moreno,* the defendant was not in the vehicle when officers arrived, and there were a number of other people in the vicinity who could have been the driver. There was no evidence in *Moreno* to eliminate the other people as drivers, or to suggest they were passengers. No one was seated in the car. In our case, there was evidence eliminating the only other person in the vicinity as a driver. Montes was seated in the passenger seat, wearing a seatbelt. This supported a reasonable inference that she did not drive.

Martinez points out that there are other reasonable inferences that could be drawn. For example, Montes may have started the car and then moved to the passenger seat. However, the independent proof of the corpus delicti "is sufficient if it permits an inference of criminal conduct, even if a noncriminal explanation is also plausible." (*People v. Alvarez, supra,* 27 Cal.4th 1161, 1171.) The inference need not be the only inference or even the most compelling inference. (*People v. Jones, supra,* 17 Cal.4th 279, 301–302.)

### *Lesser Included Offense*

■ Martinez contends that the court had a sua sponte duty to instruct on a lesser included offense of attempted driving under the influence. A trial court must instruct on a lesser included offense if substantial evidence exists indicating that the defendant is guilty only of the lesser offense. (*People v. Manriquez* (2005) 37 Cal.4th 547, 584 [36 Cal.Rptr.3d 340, 123 P.3d 614].) In deciding whether the evidence is "substantial," the court considers the "bare legal sufficiency [of the evidence], not its weight." (*People v. Breverman* (1998) 19 Cal.4th 142, 177 [77 Cal.Rptr.2d 870, 960 P.2d 1094].)

Martinez argues that he may have been on his way to drive the car when the officers arrived, in which case the jury could find that he only attempted to drive while under the influence. No evidence was presented at trial that Martinez was on his way to drive the car when the officers arrived. Speculation is not sufficient to require an instruction on a lesser included offense. (*People v. Wilson* (1992) 3 Cal.4th 926, 941 [13 Cal.Rptr.2d 259, 838 P.2d 1212].) We do not reach the question whether the crime of attempted driving under the influence is a lesser included offense of driving under the influence.

*Section 654*

The trial court issued concurrent sentences on counts 2 through 5. The sentences on counts 2 through 4 must be stayed pursuant to section 654. The sentence on count 5 remains.

Section 654 prohibits multiple punishments for a single act, even though the act constitutes more than one crime. (*People v. Solis* (2001) 90 Cal.App.4th 1002, 1021 [109 Cal.Rptr.2d 464].) Section 654 applies if the crimes are part of a single, indivisible transaction. We review the trial court's factual determination that multiple convictions are part of an indivisible transaction under the substantial evidence test. (*People v. Martin* (2005) 133 Cal.App.4th 776, 781 [35 Cal.Rptr.3d 105].)

Counts 2 through 4, related to driving under the influence, arose from a single act. The evidence presented at trial was sufficient only to establish that Martinez drove the vehicle once while intoxicated, when he parked the car. Counts 2 through 4 must be stayed pursuant to section 654.

Martinez argues that his conviction for driving on a suspended license also arose from parking the car, and should therefore be stayed. However, multiple convictions for driving under the influence and driving on a suspended license are not precluded by section 654. (*In re Hayes* (1969) 70 Cal.2d 604, 611 [75 Cal.Rptr. 790, 451 P.2d 430].) Martinez is not being penalized twice for one act, he "is being penalized once for his act of driving with an invalid license and once for his independent act of driving while intoxicated." (*Id.* at p. 607.) Count 5 should not be stayed.

*Upper Term*

Imposition of the upper term did not violate Martinez's Sixth Amendment right to a jury trial because at least one aggravating circumstance was established by his record of prior convictions. (*People v. Black* (2007) 41 Cal.4th 799, 816 [62 Cal.Rptr.3d 569, 161 P.3d 1130].) Numerous or increasingly serious prior adult convictions warrant imposition of the upper term. (Cal. Rules of Court, rule 4.421(b)(2).) Martinez was on parole when he committed the charged offense, and he had numerous prior convictions for driving under the influence. Therefore, Martinez's constitutional right to a jury trial was not violated by the trial court's imposition of the upper term sentences.

We modify the judgment to reflect a stay of sentence pursuant to section 654 regarding counts 2 through 4. The trial court shall amend the abstract of judgment accordingly and forward the amended abstract to the Department of Corrections. We otherwise affirm.

Gilbert, P. J., and Perren, J., concurred.

A petition for a rehearing was denied November 26, 2007, and appellant's petition for review by the Supreme Court was denied February 13, 2008, S158848.