This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    NO.  31,187

**JOSEPH JONES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Pranava Upadrashta, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

A jury convicted Defendant by a general verdict of driving while intoxicated (DWI), based on alternative theories of actually driving while intoxicated (past driving) or being in actual physical control of a vehicle while intoxicated (future driving). With respect to the former alternative, Defendant contends that the State failed to establish the corpus delicti of the offense. Defendant challenges the sufficiency of the evidence, generally, to support a conviction under any theory. For the reasons that follow, we affirm.

**BACKGROUND**

At approximately 1:00 in the afternoon on November 22, 2009, Deputy Joel Ramirez saw a white vehicle parked by the side of the road on the Roswell relief route. As he passed the vehicle, Deputy Ramirez observed Defendant sitting in the driver's seat while holding a beer can. He saw another individual, later identified as Mr. Rickley, walk around from the passenger's side and assist Defendant out of the driver's seat.

Deputy Ramirez turned his patrol unit around and stopped to investigate. By that time, both Defendant and Mr. Rickley were standing behind the vehicle. Deputy Ramirez noticed that the keys were in the ignition, and the remainder of an 18-pack of beer was in the back seat. When Deputy Ramirez asked who had been driving, Defendant gestured to himself and said, "I was driving." When Deputy Ramirez

asked who the vehicle belonged to, both men responded that it was Defendant's wife's car. When asked what they were doing, Defendant said they were talking. Defendant further explained that they were on their way home from a car dealership. Deputy Ramirez noted that Defendant's speech was slurred, he emitted an odor of alcohol, and he was unstable on his feet. Deputy Ramirez called for assistance, and Deputy Furbee arrived at the scene. Deputy Furbee also noted that Defendant looked as though he had been drinking alcohol, and he appeared to be impaired. Defendant refused to submit to field sobriety tests, and he was placed under arrest. Defendant ultimately consented to a blood draw, the results of which indicated a blood alcohol content of .31 gm/100mL.

After Deputy Ramirez left the scene with Defendant, when it was clear that Defendant was going to be charged with DWI, Mr. Rickley told Deputy Furbee that "he was all over the road." Mr. Rickley further indicated that he had said, "Hey, you know, let me drive," and "he's pretty drunk." At trial, Deputy Furbee testified that he understood Mr. Rickley to have been referring to Defendant when he made those statements. Deputy Furbee further explained that there had been no mention of any other person to whom Mr. Rickley could possibly have been referring during the conversation.

Mr. Rickley testified that a third person named "Rob" had driven the vehicle, parked by the side of the road, and left while he and Defendant were sleeping. Mr. Rickley further denied driving the vehicle himself, and he testified that they had called Defendant's wife and were waiting for her to pick them up when Officer Ramirez arrived. However, Deputy Ramirez and Deputy Furbee testified that Mr. Rickley did not mention either Rob or the phone call to Defendant's wife at the time of the investigation. When the State questioned Mr. Rickley about who he was referring to when he had indicated to Deputy Furbee that "he was all over the road," Mr. Rickley said that he was "taking the fifth" and that he did not recall.

At the close of evidence, defense counsel moved for a directed verdict, arguing that the State had not established the corpus delicti of DWI, and further arguing that the evidence was insufficient to establish that Defendant was in actual physical control of the vehicle with the intent to drive. The district court denied the motion. The State's alternative theories went to the jury, which returned a guilty verdict. This appeal followed.

**DISCUSSION**

**A.    DWI (Past Driving)**

On appeal, Defendant renews his challenges to the sufficiency of the evidence, both specifically to establish the corpus delicti of DWI (past driving) and more

4

generally to support either of the State's alternative theories (DWI per se, and driving while impaired to the slightest degree). *See generally State v. Owelicio*, 2011-NMCA-091, ¶ 15, 150 N.M. 528, 263 P.3d 305 (observing that a challenge based on the corpus delicti rule is a challenge to the sufficiency of the evidence), *cert. granted*, 2011-NMCERT-009, 269 P.3d 903; *State v. Pickett*, 2009-NMCA-077, ¶ 6, 146 N.M. 655, 213 P.3d 805 (distinguishing between DWI per se and driving while impaired to the slightest degree).

**1.      Standard of Review**

Insofar as the underlying facts were disputed, we must defer to the determinations of the finder of fact to the extent that substantial evidence exists. *See State v. Weisser*, 2007-NMCA-015, ¶ 7, 141 N.M. 93, 150 P.3d 1043 (observing, with respect to a challenge to the sufficiency of the evidence to establish the corpus delicti of an offense, that the reviewing court must defer to the findings rendered below to the extent that substantial evidence exists); *see generally State v. Treadway*, 2006-NMSC-008, ¶ 7, 139 N.M. 167, 130 P.3d 746 ("The sufficiency of the evidence is reviewed pursuant to a substantial evidence standard."). When reviewing a challenge to the sufficiency of the evidence, we review the evidence introduced at trial to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every

element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). We view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).

**2. Corpus Delicti**

"The corpus delicti rule provides that commission of a crime cannot be proved *solely* through the admission of an extrajudicial confession." *Owelicio*, 2011-NMCA-091, ¶ 15. Under the modified form of the doctrine that has been adopted in New Mexico, "an extrajudicial statement may be used to establish the corpus delicti where the statement is shown to be trustworthy and where there is some independent evidence to confirm the existence of the alleged loss or injury." *Weisser*, 2007-NMCA-015, ¶ 18. "In determining the trustworthiness of [a d]efendant's extrajudicial statement, we look not at the circumstances surrounding the statement, but instead at the actual content of the statement and evidence that corroborates the information contained in the statement." *Owelicio*, 2011-NMCA-091, ¶ 27. The requisite independent evidence of past driving while intoxicated may be circumstantial. *See, e.g.*, *State v. Mailman*, 2010-NMSC-036, ¶¶ 23, 28, 148 N.M. 702, 242 P.3d 269 (observing that direct evidence is not required to support a conviction for past DWI;

rather, circumstantial evidence may be relied upon to establish that the accused actually drove while intoxicated).

In this case, in addition to Defendant's admission, sufficient corroborating, circumstantial evidence was presented to support the verdict. Defendant was observed holding a can of beer while sitting behind the wheel of a vehicle parked on the side of the road. He stated that he and Mr. Rickley were returning home after visiting a business establishment. The keys were in the ignition of the vehicle, which belonged to Defendant's wife. Defendant and Mr. Rickley were the only people in the vicinity, and Mr. Rickley denied driving. Additionally, the finder of fact could reasonably have inferred from Mr. Rickley's statement, "he was all over the road," that Mr. Rickley was speaking as a witness to Defendant's act of driving while impaired. Finally, Defendant had a very high blood alcohol content. We conclude that this constituted sufficient corroborating evidence to establish the trustworthiness of Defendant's statement that he was driving, as well as independent proof to confirm that Defendant committed the crime of driving while intoxicated. Considerably less has been deemed sufficient in the past. *See, e.g.*, *Owelicio*, 2011-NMCA-091, ¶¶ 27-28 (holding that the modified trustworthiness doctrine was satisfied by evidence that the defendant and a third party were the only people in the vicinity of a vehicle, both were intoxicated,

the third party denied driving, and the vehicle was disabled in a way that could have indicated impaired driving).

We acknowledge that other evidence was presented, chiefly through the testimony of Mr. Rickley, suggesting that a third party had driven the vehicle rather than Defendant. However, this does not negate the fact that other evidence corroborated Defendant's admission and tended to establish its trustworthiness. *Id.* ¶ 31. "Instead, the existence of contradictory evidence merely raises a credibility issue to be resolved by the fact[]finder." *Id.* We therefore reject Defendant's challenge based on the corpus delicti rule.

**3.     Sufficiency of the Evidence**

We also understand Defendant to challenge the sufficiency of the evidence, generally, to support a conviction for DWI (past driving) in this case.

As previously mentioned, with respect to DWI (past driving), two alternative theories went to the jury: DWI per se, and driving while impaired to the slightest degree. *See generally* NMSA 1978, § 66-8-102 (A), (C) (2008) (amended 2010) (defining the offenses of DWI per se and driving while impaired to the slightest degree). Because the jury returned a general verdict, the conviction will be upheld if the evidence is sufficient to support either theory. *See State v. Olguin*, 120 N.M. 740, 741, 906 P.2d 731, 732 (1995) (holding that due process does not require a general

8

verdict of guilt to be set aside if one of the two alternative bases for conviction is supported by sufficient evidence).

As an initial matter, we note that contrary to Defendant's suggestion, direct evidence is not required to support a conviction for DWI based on past driving while impaired to the slightest degree; rather, circumstantial evidence may properly be relied upon in this context. *Mailman*, 2010-NMSC-036, ¶¶ 23, 28.

As previously described, the State's circumstantial evidence included Defendant's admission to driving, his presence behind the wheel of a vehicle belonging to his wife with the keys in the ignition and with a can of beer in his hand, the location of the vehicle next to a highway, the fact that Defendant and a third party who denied driving were the only persons in the vicinity, the third party's statement that "he was all over the road," Defendant's appearance and physical condition, and Defendant's extremely high blood alcohol content. This constitutes a stronger showing than has been deemed sufficient in other recent cases. *See id.* ¶¶ 2-5, 24 (observing that there was sufficient circumstantial evidence to support a conviction for past driving while impaired to the slightest degree, based on the defendant's presence behind the wheel of a parked vehicle, admissions to having driven and having consumed alcohol, refusal either to perform field sobriety tests or to provide a breath sample, the presence of an open can of beer in the vehicle, and a variety of

indicia of intoxication including odor of alcohol, disorientation and confusion, difficulty maintaining balance, and bloodshot watery eyes); *cf. Owelicio*, 2011-NMCA-091, ¶ 33 (concluding that sufficient evidence was presented to support a conviction for DWI based on the defendant's admission that she was driving, the fact that the defendant and a third party who denied driving were the only persons at the scene, and a videotape showing the defendant approaching the passenger side of the vehicle). We specifically note that Mr. Rickley's statement, "he was all over the road," distinguishes this case from other recent authority involving inadequate circumstantial evidence. *Contra State v. Cotton*, 2011-NMCA-096, ¶¶ 14-15, 150 N.M. 583, 263 P.3d 925 (holding that there was insufficient evidence to support a conviction, where there was nothing from which the jury could infer that the defendant had driven after he had consumed alcohol and after his ability to drive had become impaired), *cert. denied*, 2011-NMCERT-008, 268 P.3d 514. We therefore conclude that the State presented ample evidentiary support for a conviction for DWI, based on past driving while impaired to the slightest degree.

We recognize that Defendant takes issue with the sufficiency of the evidence to support the State's alternative theory. Insofar as sufficient evidence as presented on the theory of past driving while impaired to the slightest degree, we need not

consider the sufficiency of the evidence to support a conviction for DWI per se. *Olguin*, 120 N.M. at 741, 906 P.2d at 732.

**B.      DWI (Future Driving - Actual Physical Control)**

Defendant devotes a significant portion of his argument on appeal to the sufficiency of the evidence to support a conviction for DWI (future driving), contending that the State failed to establish that he was in actual physical control of the vehicle.  However, we note that this is not a case in which any alternative theory was legally, as opposed to factually, inadequate. *Contra Mailman*, 2010-NMSC-036, ¶¶ 1, 10-12, 29 (reversing and remanding for retrial where the jury was not properly instructed on all of the essential elements of one of the alternative theories); *see generally Olguin*, 120 N.M. at 741, 906 P.2d at 732 (explaining that "a conviction under a general verdict must be reversed if one of the alternative bases of conviction is legally inadequate").  Therefore, in light of our determination that the alternative theory of DWI (past driving while impaired to the slightest degree) was adequately supported by the evidence, it is unnecessary to consider the sufficiency of the evidence to support a conviction for DWI (future driving).  *See Mailman*, 2010-NMSC-036, ¶ 28 ("Actual physical control is not necessary to prove DWI unless there are no witnesses to the vehicle's motion *and insufficient circumstantial evidence to infer that the accused actually drove while intoxicated.*"); *Olguin*, 120 N.M. at 741,

11

906 P.2d at 732 (holding that a general verdict of guilt need not be set aside if one of the alternative bases for conviction is supported by sufficient evidence).

**CONCLUSION**

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**RODERICK T. KENNEDY, Judge**

**MICHAEL E. VIGIL, Judge**