This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THOMAS SWERTFEGER,**

Plaintiff-Appellee,

v.                                                                          **NO. 32,986**

**DONALD RISSLING,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sheri Raphaelson, District Judge**

P. Reid Griffith
Los Alamos, NM

for Appellee

Donald Rissling
Los Alamos, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Defendant appeals from an adverse judgment in this dispute over the termination of a lease agreement. We issued a second calendar notice proposing to affirm, following which Defendant's counsel moved to withdraw and was granted permission to do so. Defendant then filed a pro se memorandum in opposition. We have carefully considered the arguments Defendant makes in his memorandum. However, we are not persuaded by those arguments, and affirm.

**{2}** Defendant makes a number of arguments in his memorandum in opposition. Some of these arguments concern the same issues that were raised in the docketing statement and addressed in our prior calendar notices, but some raise entirely new issues. In order to have this Court consider an issue that was not included in the docketing statement, a party must file a motion to amend the docketing statement. We will then determine whether the issue was preserved below, whether the motion states all facts that are necessary for consideration of the issue, and whether the issue appears to be viable; if any one of these requirements is not met, we will deny the motion to amend. *See State v. Rael,* 1983-NMCA-081, ¶¶ 15, 16, 100 N.M. 193, 668 P.2d 309.

**{3}** Although Defendant has not filed a motion to amend the docketing statement, we will construe his addition of new issues in his memorandum in opposition as such a motion and will decide whether to grant that motion as to each issue. Defendant first

argues that the district court trial was terminated early, and he was denied the ability to present his entire defense. He does not specify what evidence he was unable to present, or what argument he was unable to make through his attorney. He also does not say whether he or his attorney objected to the termination of the trial, and he does not provide an understandable reason why the trial ended; he states only that the plaintiff's attorney "rushed the bench shouting Unauthorized Work" and that this somehow caused the trial to be immediately halted. [MIO 1] From this description of the events, we are unable to discern the reason for the district court's actions, whether those actions might have been legally erroneous, and whether Defendant adequately objected to those actions and thus preserved the issue for appeal. We therefore deny the implied motion to amend the docketing statement to raise this issue and will not consider it further. *See Rael*, 1983-NMCA-081, ¶ 15.

{4}     The next "new" issue Defendant attempts to raise is an argument that Plaintiff fabricated his claim of moisture damage to the front door. This issue is a straightforward matter of credibility of the witnesses; Plaintiff maintained that Defendant caused this damage, and Defendant apparently maintained that no such damage existed and, if it did, Defendant did not cause it. On appeal, however, we cannot re-weigh testimony or evidence presented by the parties below. *See Weidler v. Big J Enters., Inc.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089. This is

because we were not at the trial and did not have an opportunity to observe the demeanor of the witnesses and hear their testimony. Unfortunately for Defendant, the district court gave more credit to Plaintiff's version of the events than to Defendant's. We must accept that credibility determination on appeal, and this issue is therefore not viable. We deny Defendant's implied motion to amend his docketing statement as to this issue. *See Rael*, 1983-NMCA-081, ¶¶ 7, 15.

{5}     Defendant also raises for the first time issues concerning the district court's treatment of certain exhibits, as well as allegedly deceptive conduct by Plaintiff's attorney. [MIO 6] Defendant complains that the district court accepted as exhibits certain photographs that were not dated, and ignored Defendant's e-mail evidence. This argument, like the argument that Plaintiff's attorney was being deceptive, concerns the district court's assessment of the evidence below and the court's assignment of varying amounts of weight to that evidence. As we noted above, however, we are not allowed to re-weigh the evidence and to then reject the district court's assessment of the strengths or weaknesses of that evidence. *See Weidler*, 1998-NMCA,021, ¶ 30. Instead, we must view the evidence in the light most favorable to the district court's decision. *See id.* Therefore, these issues also are not viable, and we deny the implied motion to amend the docketing statement to add these issues to the appeal. *See Rael*, 1983-NMCA-081, ¶ 15.

4

{6}     Defendant requests another opportunity to try the case below, representing himself. He argues that if this request is granted, he can show inconsistencies in Plaintiff's case and submit evidence that was omitted due to the early termination of the trial. [MIO 4-7] However, this type of second bite at the apple is not allowed simply because Defendant now regrets his previous choice to be represented by an attorney and wishes to represent himself. *See, e.g.*, *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 28, 140 N.M. 920, 149 P.3d 1017 (holding that in a civil case a party is generally bound by the actions of his attorney, even when those actions deprive the party of a right to appeal). To obtain a retrial, Defendant must first demonstrate that legal error occurred in the first trial. As we have discussed in our calendar notices and as we discuss below, such legal error has not been proven. Thus, we deny Defendant's implied motion to amend the docketing statement to add this entitlement-to-new-trial issue, as it is not viable. *See Rael*, 1983-NMCA-081, ¶¶ 1, 15.

{7}     The final "new" issue Defendant seeks to raise is an argument that this Court should limit the total damages award, including attorney fees, to $10,000. This argument is premature, as the district court had not yet awarded any amount of fees at the time this appeal was taken, and we therefore do not have a fees order to review. This Court has no authority to preempt a district court's determination of a question

that is still before that court. *See OS Farms, Inc. v. N.M. American Water Co., Inc.*, 2009-NMCA-113, ¶ 39, 147 N.M. 221, 218 P.3d 1269 (refusing to consider issue that was premature). Again, we deny the implied motion to amend the docketing statement as to this issue. *See Rael*, 1983-NMCA-081, ¶ 15.

{8}     We now consider Defendant's arguments as to the issues that were raised in the docketing statement and discussed in our calendar notices. The first of these issues discussed by Defendant is the "Pony Wall" issue. Defendant contests Plaintiff's version of the events; Plaintiff apparently contended the work was unauthorized, while Defendant argues there was verbal, non-written consent to have the work done. Defendant points to evidence supporting his version—in addition to other arguments, he says all other projects in the house were done pursuant to verbal consent from Plaintiff, that Plaintiff was in the house several times and did not say a word about the alleged damage, and that the intent of the parties was that Plaintiff would finish the project. [MIO 2] As we pointed out above, however, on appeal we are required to disregard evidence that is contradictory to the district court's decision. *See Weidler,* 1998-NMCA-021, ¶ 30. Even if we might have reached a different result if we had been present at the trial, we cannot disturb credibility determinations and evidence-weighing decisions made by the district court, who presided over the proceedings and thus saw the evidence and testimony first-hand. *See id.* Plaintiff testified to the

6

existence of damage caused by Defendant, and on appeal we must accept that testimony as true because the district court accepted it as true. *See id.* We note that Defendant also refers to evidence that he has collected after the trial occurred; he argues that the Wall remains in the same condition it was in at the time of trial, from which he deduces that Plaintiff's damage claim was a fabrication. [MIO 3] However, as an appellate court we cannot consider any evidence that was not before the district court at the time that court made its decision. *See State v. Owelicio*, 2011-NMCA-091, ¶ 12, 150 N.M. 528, 263 P.3d 305. Based on our limited standard of review, we affirm the district court's award of damages for this aspect of Plaintiff's case.

{9}     Defendant continues to argue that the district court erred in refusing to accept his position regarding the condition of the premises. He now states that he presented this evidence not to show the quality or condition of existing fixtures, but to prove that Plaintiff was not performing his obligations under the lease. He adds that he was unable to explain these issues due to the actions of Plaintiff's attorney, which caused the premature end of the trial. [MIO 4] Whatever Defendant's purpose may have been in presenting his evidence, the district court did not accept his version of the facts. This is another instance of the district court hearing conflicting testimony and reviewing conflicting evidence, and making a decision as to which party's position was supported by the evidence. Once again, on appeal we cannot re-weigh the

evidence or decide to believe Defendant's version of events rather than Plaintiff's. *See Weidler*, 1998-NMCA-021, ¶ 30. Based on our discussion in the second calendar notice, we affirm on this issue as well.

{10} Defendant's final argument concerns Plaintiff's allegedly wrongful entries into the premises, in violation of the parties' lease agreement. Defendant argues that Plaintiff's explanation at trial about an emergency caused by moisture damage was a fabrication. As we have explained throughout this opinion, however, this is a witness-credibility determination that we may not disturb on appeal. *See Weidler*, 1998-NMCA-021, ¶ 34. The same is true of the remainder of the wrongful-entry argument. Defendant presented evidence at trial that would have allowed the district court to find that Plaintiff made wrongful entries into the residence; Plaintiff presented contrary evidence. Since the district court accepted Plaintiff's version of the events, we are bound by that version on appeal. We therefore affirm on this issue as well, for the reasons stated herein and in the second calendar notice.

{11} Based on the foregoing discussion, we reject Defendant's efforts to raise new issues at this stage of the appeal, by denying in all respects his implied motion to amend the docketing statement. Also, based on the same discussion as well as the analysis contained in the second calendar notice, we affirm the district court's decision in this case.

{12}     **IT IS SO ORDERED.**

 

                                        _____

                                        **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

 

_____

**RODERICK T. KENNEDY, Chief Judge**

 

_____

**JONATHAN B. SUTIN, Judge**