This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **No. 34,175**

**EDUARDO RAFAEL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Josephine H. Ford, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Defendant appeals his convictions for DWI and parking to obstruct traffic. [RP 120] Our notice proposed to affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

**{2}** Defendant continues to argue that the metropolitan court erred in allowing Officer Welch to testify, in violation of Defendant's *Miranda* rights, to Defendant's admission to drinking made while he was being transported to the police station. [DS 9; MIO 7] *See State v. Barrera*, 2001-NMSC-014, ¶ 23, 130 N.M. 227, 22 P.3d 1177 ("On appeal, we review the [district] court's findings of fact for substantial evidence and review de novo the ultimate determination of whether a defendant validly waived his or her *Miranda* rights prior to police questioning.").

**{3}** Even assuming that this argument was preserved in the sidebar conversation [MIO 7], for the reasons extensively detailed in our notice, we conclude that Defendant's volunteered statements made in the context of his non-custodial and self-initiated exchange with the officer [RP 115] did not entitle him to *Miranda* warnings. *See generally State v. Fekete*, 1995-NMSC-049, ¶¶ 43-44, 120 N.M. 290, 901 P.2d 708 (stating that "*Miranda* protections do not apply in those situations where [a person in police custody] volunteers statements" that were not elicited by police); *cf.*

*State v. LaCouture*, 2009-NMCA-071, ¶ 11, 146 N.M. 649, 213 P.3d 799 (recognizing that an involuntary statement is made in response to some element of official overreaching by the police, such as "intimidation, coercion, deception, assurances, or other police misconduct that constitutes overreaching" (internal quotation marks and citation omitted)).

{4}    Defendant also continues to argue that the evidence was insufficient to show that he was driving while under the influence. [DS 10; MIO 9-10] *See* NMSA 1978, § 66-8-102(A) (2010); *see also State v. Sims*, 2010-NMSC-027, ¶¶ 7, 10-12, 148 N.M. 330, 236 P.3d 642 (recognizing that there are two ways a person may "drive" a vehicle as contemplated by the DWI statute: DWI based on being in "actual physical control" of the vehicle while impaired, whether or not the vehicle is moving; and DWI based on actually driving a moving vehicle while impaired). [RP 38] We review the evidence to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth our standard of review).

{5}    Defendant does not dispute that he was intoxicated, but instead argues that the evidence was insufficient to show that he was driving, given that Officer Welch encountered Defendant's non-moving vehicle in the middle of a driving lane. [RP 104,

3

115-16] As for DWI based on being in actual physical control of the vehicle while impaired, Defendant maintains that there was no evidence to show that he was in actual physical control of the vehicle while impaired *and* that he intended to drive while impaired in the future. [MIO 9] *See generally Sims*, 2010-NMSC-027, ¶¶ 4, 20-21 (recognizing that for DWI based on "actual physical control," the evidence must show that the defendant was actually exercising control over the vehicle *and* had the general intent to drive so as to pose a real danger to himself, herself, or the public). As emphasized in our notice, however, evidence was presented that Defendant was in the driver's seat, with the keys in the ignition, the engine running, the vehicle in the middle of a traffic lane, and that Officer Welch had to put the vehicle in park upon encountering Defendant. [RP 115-16] From this evidence, the factfinder could infer Defendant's actual physical control over the vehicle and his intent to drive in the future. *See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317, 694 P.2d 1382 (Ct. App. 1985) (defining substantial evidence as evidence that a reasonable person would consider adequate to support a defendant's conviction).

{6}     And as for DWI based on past driving, Defendant maintains that there was no evidence to show that he was intoxicated when he drove to the middle of the lane [RP 104; MIO 10], thereby suggesting that he only became intoxicated after he stopped in the middle of the lane. [RP 112] As we provided in our notice, although the Officer

4

did not see Defendant's vehicle in motion, the same evidence that supported Defendant's intent to drive in the future also provides ample circumstantial evidence from which to infer that Defendant actually drove while intoxicated. *See, e.g., State v. Mailman*, 2010-NMSC-036, ¶¶ 23, 26, 28, 148 N.M. 702, 242 P.3d 1269 (observing that direct evidence is not required to support a conviction for past DWI; rather, circumstantial evidence may be relied upon to establish that the accused actually drove while intoxicated). In addition, Defendant admitted to driving after drinking [RP 115] and Officer Welch encountered an intoxicated Defendant in his vehicle stopped in the middle of a traffic lane, an inappropriate stopping place that in and of itself indicates impaired driving up to such stopping place. From this evidence, the factfinder could infer that Defendant drove to the middle of the lane while intoxicated and remained in such state up until his encounter with Officer Welch. *See State v. Owelicio*, 2011-NMCA-091, ¶ 33, 150 N.M. 528, 263 P.3d 305 (concluding that sufficient evidence was presented to support a conviction for DWI based on the defendant's admission that she was driving, the fact that the defendant and a third party who denied driving were the only persons at the scene, and a videotape showing the defendant approaching the passenger side of the vehicle); *Sparks*, 1985-NMCA-004, ¶ 6 (defining substantial evidence as evidence that a reasonable person would consider adequate to support a defendant's conviction).

{7}    For the reasons detailed in our notice and above, we affirm.

{8}    **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**TIMOTHY L. GARCIA, Judge**