1999-NMCA-041

976 P.2d 1015

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Michael MORRISON, Defendant–
Appellant.**

**No. 19037.**

Court of Appeals of New Mexico.

Jan. 11, 1999.

**64**

Tom Udall, Attorney General, William McEuen, Assistant Attorney General, Santa Fe, for Appellee.

C. Barry Crutchfield, Templeman and Crutchfield, Lovington, for Appellant.

## OPINION

WECHSLER, Judge.

{1} Defendant Michael Morrison appeals from the trial court's judgment and sentence finding him guilty of one count of forged evidence of financial responsibility in violation of NMSA 1978, § 66–5–231 (1983) of the Motor Vehicle Code (the forged evidence statute). Defendant was also convicted of operating a motor vehicle without complying with the financial responsibility statute, NMSA 1978, § 66–5–205 (1991), and operating a motor vehicle without proper equipment, contrary to NMSA 1978, § 66–3–801 (1991). These convictions are not challenged on appeal. Defendant raises two issues on appeal: (1) whether there was sufficient evidence for the trial court to find Defendant guilty of violating the forged evidence statute; and (2) whether the trial court erred in its determination that a conviction for violating the forged evidence statute is a felony as opposed to a misdemeanor.

{2} For the reasons discussed below, we reverse the trial court's determination that there was sufficient evidence to convict Defendant of violating the forged evidence statute. As a result of this conclusion, we need not reach Defendant's second issue.

### Facts and Procedural History

{3} Defendant was charged by criminal information with one count of forged evidence (unlawfully forging evidence of financial responsibility without authority) contrary to Section 66–5–231, one count of no insurance contrary to Section 66–5–205, and one count of improper equipment contrary to

Section 66–3–801. The parties stipulated that the arresting officer would have testified to the facts set forth in the magistrate court complaint. The complaint stated that on August 30, 1996, Officer Jason Green of the Hobbs Police Department observed Defendant operating a vehicle without a license plate light. Officer Green initiated a traffic stop and asked Defendant to provide proof of insurance. Defendant handed the officer a photocopy of an insurance card that Officer Green suspected of being altered. After being read his *Miranda* rights, Defendant stated that the card might have been altered by his wife and that he knew the card was not valid when he handed it to the officer. The parties also stipulated that the wife of Defendant's deceased insurance agent would have testified that Defendant did not have insurance at the time of his arrest and that the insurance card presented had been altered.

{4} The trial court heard argument as to whether the stipulated facts supported a conviction under Section 66–5–231. The parties framed the issue as whether Defendant's conduct, by presenting the insurance card knowing it was altered, but with no evidence that Defendant altered it, constituted a violation of Section 66–5–231. After a bench trial, the court found Defendant guilty of all counts. Following Defendant's conviction of violating Section 66–5–231, the State prosecuted Defendant as an habitual offender and his sentence on this count was enhanced under the habitual offender statute.

### The Stipulated Facts Do Not Support a Violation of Section 66–5–231

{5} Defendant's brief in chief focuses almost entirely on the argument that Defendant did not violate Section 66–5–231 because Defendant did not file the altered insurance card with the Department of Motor Vehicles. Section 66–5–231 reads:

Any person who forges or, without authority, signs any evidence of financial responsibility or who files or offers for filing any such evidence knowing or having reason to believe that it is forged or signed without authority shall be fined not more than one thousand dollars ($1,000) or im-

prisoned for not more than one year or both.

When examined in light of its component parts, however, Section 66–5–231 can be violated either by forging evidence of financial responsibility or by signing evidence of financial responsibility without authority **or** by filing evidence of financial responsibility knowing it is forged or signed without authority or by offering to do so. *See State v. Dunsmore,* 119 N.M. 431, 433, 891 P.2d 572, 574 (Ct.App.1995) ("The use of the disjunctive 'or' indicates that the statute may be violated by any of the enumerated methods."). The State does not contend that Defendant filed the insurance card when he presented it to the officer, and the State did not accuse Defendant of filing the document in the charging information. Therefore, the trial court could only find Defendant guilty of violating Section 66–5–231 by determining that Defendant forged the insurance card simply by presenting it to the arresting officer with the knowledge that it had been altered.

█ {6} In determining whether there is sufficient evidence to convict Defendant of forging the insurance card under Section 66–5–231, we first determine the meaning of the term "forges" as used by the legislature in Section 66–5–231. We then determine whether there was sufficient evidence to convict under the definition. The interpretation of the definition of the term "forges" in the forged evidence statute is a question of law that we review de novo. *See State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995).

A. *Definition of "Forges" in Section 66–5–231*

{7} The State argues that the definition of "forges" in Section 66–5–231 is the same as "forgery" as defined in the general forgery statute, NMSA 1978, § 30–16–10 (1963). *See also* UJI 14–1643 NMRA 1998 (forgery; essential elements). Under the general forgery statute, a person is guilty of forgery who knowingly issues or transfers an altered document purporting to have legal efficacy with intent to injure or defraud. *See* § 30–16–10.

{8} Defendant argues, to the contrary, that there is no evidence that he forged the insurance card. Defendant apparently contends that the common law definition of forgery applies to Section 66–5–231. The common law definition of forgery, when applied to Section 66–5–231, would require that Defendant actually altered the document as opposed to having knowingly presented an altered document without having altered it himself. *Compare* 4 Charles E. Torcia, *Wharton's Criminal Law* § 476, at 71 (15th ed. 1996) ("Forgery . . . is the false making or material alteration, with intent to defraud, of a writing which, if genuine, has apparent legal efficacy."), *with State v. Baca,* 1997–NMSC–018, ¶ 18, 123 N.M. 124, 934 P.2d 1053 (holding that, under the statutory definition, defendant can be found guilty of forgery if jury finds he knew checks were forged when he negotiated them or if he forged them himself). *See also* UJI 14–1644 NMRA 1998 (issuing or transferring a forged writing; essential elements).

█ {9} To ascertain the legislature's intended definition of the term "forges" in Section 66–5–231, we review the statutory history of Section 66–5–231 and the general forgery statute. *See Los Quatros, Inc. v. State Farm Life Ins. Co.,* 110 N.M. 750, 753, 800 P.2d 184, 187 (1990). We seek to interpret a statute as the legislature understood it at the time of enactment. *See State v. Yarborough,* 1996–NMSC–068, ¶ 29, 122 N.M. 596, 930 P.2d 131. In the absence of evidence to the contrary, we interpret statutes using the common law concept "most likely intended by the legislature to be embodied in the statute." *Id.* ¶ 11, 930 P.2d 131.

{10} The legislature enacted the predecessor to Section 66–5–231 in 1955. *See* 1955 N.M. Laws, ch. 182, § 403. At that time, there was no general forgery statute in New Mexico, only a number of enumerated crimes that involved forgery, including a separate crime for uttering or issuing a forged document. *See* NMSA 1953, §§ 40–20–1 to –18 (1853, as amended through 1893). The legislature enacted a general forgery statute in 1963 as part of the revised Criminal Code. *See* 1963 N.M. Laws, ch. 303, § 16–9. We believe, therefore, that the legislature intend-

ed to use the common law definition of forgery when it enacted the predecessor to Section 66–5–231, because no general forgery statute existed at the time.

■ {11} The legislature revised and reenacted Section 66–5–231 in 1983 into its present form. *See* 1983 N.M. Laws, ch. 318, § 30. When the legislature amends a statute, we assume that it is aware of existing law. *See State v. Clah,* 1997–NMCA–091, ¶ 11, 124 N.M. 6, 946 P.2d 210. We also assume that the legislature intends to change the existing law when it enacts a new statute with substantial rewording. *See Blackwood & Nichols Co. v. New Mexico Taxation & Revenue Dep't,* 1998–NMCA–113, ¶ 15, 125 N.M. 576, 964 P.2d 137. Additionally, we strictly construe a statute which is designed to effect a change from the common law. *See State v. Bryant,* 99 N.M. 149, 150, 655 P.2d 161, 162 (Ct.App.1982) ("A statute designed to effect a change from that which existed under the common law must be strictly construed; it must speak in clear and unequivocal terms and the presumption is that no change is intended unless the statute is explicit."). Thus, we examine the changes made in 1983 to determine if they clarified or substantially rewrote the existing law or intended to change the common law.

{12} Our review of the changes that the legislature made indicates: (1) that the term "shall forge" was changed to "forges"; (2) the words "any evidence of proof of financial responsibility" were changed to "any evidence of financial responsibility"; (3) the words "for the future" were removed; and (4) the title of the statute was changed from "Forged proof" to "Forged evidence." Other than these changes and some punctuation changes, the statute remained the same.

■ {13} These changes made by amendment did not materially affect the substance of the statute. They indicate to us that the legislature intended to restate the existing statute in a clarified form. *Cf. Blackwood & Nichols Co.,* 1998–NMCA–113, ¶ 15, 125 N.M. 576, 964 P.2d 137 (holding that substantial revision of statute materially changed existing law, not merely clarified it). Nor do the stylistic changes evidence that the term "forges" in Section 66–5–231 was to

be interpreted differently from the earlier statute which followed the common law. Nothing in the changes indicates that the legislature intended to apply the definition of forgery found in the general forgery statute to Section 66–5–231. Thus, we hold that strict construction dictates that the term "forges" is to be defined using its common law meaning.

B. *Sufficiency of the Evidence to Convict Defendant*

■ {14} Our review of the sufficiency of the evidence to convict Defendant of violating Section 66–5–231 consists of determining " 'whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction.' " *State v. Clifford,* 117 N.M. 508, 512, 873 P.2d 254, 258 (1994) (quoting *State v. Sutphin,* 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988)). "We view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all permissible inferences in favor of upholding the verdict." *Id.*

■ {15} Applying the interpretation discussed above to the provisions of Section 66–5–231, we conclude that in order to prove that Defendant violated the statute, the State must show that Defendant himself actually altered the insurance card. The State does not contend that the stipulated facts present such evidence. As the State relies upon a definition of forgery which does not comport with our construction of Section 66–5–231, we conclude that there was not sufficient evidence to support Defendant's conviction.

*Conclusion*

{16} We reverse the trial court's determination that there was sufficient evidence to convict Defendant of violating Section 66–5–231.

{17} **IT IS SO ORDERED.**

DONNELLY and APODACA, JJ., concur.