The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>August 22, 2023</u>

**No. A-1-CA-40354**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**LUANNE YANNI,**

  Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Clara Moran, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Emily C. Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**BUSTAMANTE, Judge, retired, sitting by designation.**

{1}    After a bench trial, Defendant Luanne Yanni was convicted in metropolitan court of driving while under the influence of drugs, contrary to NMSA 1978, Section 66-8-102(B) (2016). Defendant presents a two-part challenge to the sufficiency of the evidence on appeal. First, Defendant contends that the State did not present sufficient evidence to establish that she drove a vehicle the day she was arrested; therefore, Defendant argues, the corpus delicti of the offense was not established. Second, Defendant submits that the State did not present sufficient evidence to establish she was impaired by drugs or that such impairment was to a degree that she could not safely operate a motor vehicle. We agree with Defendant on the first issue and we reverse.

**BACKGROUND**

{2}    Officer Shatto arrived at the parking lot where the events of this case unfolded around 5:00 p.m. He testified at trial that he was dispatched to the scene in response to a 911 call that reported a vehicle collision at the parking lot. Neither the call nor the identity of the caller was ever verified or entered into evidence. Upon Officer Shatto's arrival, he observed Defendant standing alone, and he testified that other individuals at the scene informed him that Defendant may have been involved in the reported incident. None of these individuals testified at trial. Officer Shatto stated

that he approached Defendant and asked what she was doing and why she was present at the scene. Officer Shatto stated that Defendant admitted to having driven a U-Haul truck into two parked vehicles, and she physically pointed at the two vehicles in the parking lot. Defendant further informed Officer Shatto that her brother had driven the U-Haul truck away from the parking lot after the collision. Officer Shatto did not observe the U-Haul truck at the scene and he did not closely examine the vehicles nor observe whether there was any physical damage to them as a result of the collision. Rather, Officer Shatto stated that his attention was predominantly focused on Defendant and another officer at the scene, Officer Weatherspoon, was investigating the vehicles. Officer Weatherspoon was not called to testify, and the findings from his purported investigation were not admitted into evidence.

{3}     Officer Shatto testified that Defendant presented signs of intoxication during their interaction. In response, Officer Shatto conducted a driving while intoxicated (DWI) investigation. During the investigation, Defendant admitted to smoking marijuana and taking two oxycodone pills earlier that morning. Following the investigation, Officer Shatto placed Defendant under arrest for driving while under the influence of drugs.

{4}     After a bench trial, the metropolitan court found Defendant guilty of violating Section 66-8-102(B). At trial, the court specifically noted in its oral findings that the

State presented "an admission [to crashing the U-Haul truck,] . . . the officer's observations, [an] admission [to] taking OxyContin and smoking marijuana . . . the [Defendant's] refusal to [consent to a breath] test . . . and then the fact [that Defendant was] incapable of driving given that she did crash into vehicles." The court further noted that it "cannot speculate, but [it] can use [its] common sense." Defendant appealed.

**DISCUSSION**

**I.      Standard of Review**

{5}      When reviewing a challenge to the sufficiency of the evidence, we assess "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). "We view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all permissible inferences in favor of upholding the verdict." *State v. Morrison*, 1999-NMCA-041, ¶ 14, 127 N.M. 63, 976 P.2d 1015 (internal quotation marks and citation omitted). We do not "weigh the evidence [or] substitute [our] judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. "We review de novo any claim that the State failed to prove the corpus delicti of the charged

offense." *State v. Bregar*, 2017-NMCA-028, ¶ 46, 390 P.3d 212. However, to the extent that the underlying facts are disputed, we must defer to the determinations of the fact-finder, provided such findings are supported by substantial evidence. *State v. Wilson*, 2011-NMSC-001, ¶ 17, 149 N.M. 273, 248 P.3d 315, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110.

**II.     The State Failed to Establish the Corpus Delicti of Driving**

{6}     The metropolitan court found Defendant guilty of driving while under the influence of drugs in violation of Section 66-8-102(B). In order to do so, it was required to find, in relevant part, that Defendant operated a motor vehicle. *See* UJI 14-4502 NMRA. Defendant claims that the State failed to present sufficient evidence to establish the corpus delicti of driving under the influence of drugs. Specifically, Defendant argues that the State failed to supply evidence outside of extrajudicial statements to establish that she operated a motor vehicle, thereby violating New Mexico's modified trustworthiness rule.

{7}     Our state's modified trustworthiness rule provides that "a defendant's extrajudicial statements may be used to establish the corpus delicti when the prosecution is able to demonstrate the trustworthiness of the confession and introduce some independent evidence of a criminal act." *State v. Martinez*, 2021-NMSC-012, ¶ 31, 483 P.3d 590 (internal quotation marks and citation omitted). Thus, a defendant's admission alone cannot sustain a conviction without

independent, corroborating evidence of that criminal act. *State v. Weisser*, 2007-NMCA-015, ¶ 30, 141 N.M. 93, 150 P.3d 1043, *abrogated on other grounds as recognized by Bregar*, 2017-NMCA-028, ¶ 49; *see id.* (holding that multiple extrajudicial admissions does not establish the trustworthiness of statements by a defendant for the corpus delicti rule). "This independent evidence can consist of either direct or circumstantial evidence, but such evidence must be independent of a defendant's own extrajudicial statements." *Martinez*, 2021-NMSC-012, ¶ 31 (internal quotation marks and citation omitted).

{8}     The State argues it presented the following evidence at trial to corroborate Defendant's admission that she operated a motor vehicle: a 911 call was made that reported a vehicle collision at the parking lot; Defendant was physically present at the parking lot when Officer Shatto arrived; Officer Shatto observed the cars Defendant claimed to hit; and Officer Shatto observed a crash investigation being conducted by Officer Weatherspoon. We must review the record to determine whether the State presented sufficient independent evidence to corroborate Defendant's admission that she drove and crashed a U-Haul truck into two parked vehicles.

{9}     We start with the State's claim that the 911 call was corroborating evidence. The 911 call was admitted into evidence to explain why Officer Shatto was located at the parking lot and to inform the metropolitan court as to his then-existing state of

5

mind. Apart from this, the call was hearsay and inadmissible to prove Defendant drove and crashed a U-Haul truck. *See* Rule 11-801(C) NMRA (stating hearsay is a statement the declarant makes while testifying at trial that a party offers to prove the truth of the matter asserted); Rule 11-802 NMRA (stating hearsay is inadmissible unless a valid exception applies). "Inadmissible evidence *by itself* is insufficient to admit a confession" for purposes of establishing the corpus delicti. *State v. Hardy*, 2012-NMCA-005, ¶ 12, 268 P.3d 1278 (emphasis added); *see State v. Powers*, 99 P.3d 1262, 1266-67 (Wash. Ct. App. 2004) (holding that the corpus delicti was not established because only inadmissible evidence corroborated the defendant's admission) (cited with approval in *Hardy*, 2012-NMCA-005, ¶ 12).

{10} The State also submits that Defendant's physical presence at the scene of the reported collision effectively corroborates her admission. Our appellate courts have recognized that a defendant's presence at the scene of an accident can corroborate their admission to driving under the influence of drugs or alcohol—even when the arresting officer does not directly observe the defendant's driving. *See State v. Owelicio*, 2011-NMCA-091, ¶¶ 27-28, 150 N.M. 528, 263 P.3d 305 (holding that the defendant's admission to driving while intoxicated was corroborated by circumstantial evidence that the defendant and a third party who denied driving were the only people in the vicinity of a disabled vehicle); *Bregar*, 2017-NMCA-028, ¶¶ 48-49 (holding that the defendant's admission to driving while intoxicated was

6

corroborated by evidence that the defendant was the only licensed driver at the scene, there were photos indicating the driver's seat of the vehicle was reclined significantly, and the defendant had a leg brace which required the seat to be significantly reclined for her to drive); *see also State v. Mailman*, 2010-NMSC-036, ¶¶ 23-24, 28, 148 N.M. 702, 242 P.3d 269 (concluding that the defendant's admission to recently driving after consuming alcohol was supported in part by his presence behind the wheel of a parked vehicle).

{11}     Although the arresting officer did not witness the defendant drive in any of these cases, the defendant was always in close proximity to the vehicle that they admitted to driving or other circumstances linked the defendants to driving the vehicle. *See Owelicio*, 2011-NMCA-091, ¶ 27 (considering that the defendant was present in the vehicle, she and one other person were the only people in the vicinity, the other person denied driving, and the car was disabled in a way that indicated impaired driving); *Bregar*, 2017-NMCA-028, ¶¶ 1, 48 (noting that the defendant was found on the ground near a crashed vehicle and that the driver's seat was reclined in a way that inferred the defendant was driving); *Mailman*, 2010-NMSC-036, ¶¶ 2, 24 (noting that the defendant was found sitting in the driver's seat of the vehicle). By contrast, Defendant in this case was found alone and the vehicle she admitted to driving was not at the scene or nearby. No witness testimony indicated Defendant operated a motor vehicle in the parking lot. Nothing in the record suggests that the

vehicle Defendant was alleged to have driven was found or associated with Defendant in any capacity. While we agree Defendant was present in the parking lot, the State must provide additional evidence connecting Defendant to the commission of the crime. As such, Defendant's presence at the parking lot alone is only corroborative of her admission insofar as the State has otherwise established that a collision occurred there.

{12}    The State also proffers the testimony of one of the investigating officers. Officer Shatto testified that he observed Officer Weatherspoon investigating the vehicles Defendant claimed to hit, and that he did not closely examine the vehicles nor observe whether there was any physical damage to them as a result of the collision. As to the vehicles, the State did not seek testimony from Officer Weatherspoon, and Officer Shatto did not testify as to any of the circumstances of Officer Weatherspoon's investigation or the physical status of the struck vehicles. Thus, no admissible testimony other than Defendant's confession was presented as to a collision between a vehicle driven by Defendant and the two other vehicles.

{13}    With the State's failure to produce either the findings from Officer Weatherspoon's crash investigation or any additional witness testimony, Officer Shatto's observations are the only available evidence connecting the collision to the parking lot. Yet, Officer Shatto's mere observation of the crash investigation being conducted—without any information as to the investigation's findings—provides no

information as to whether the vehicles were impacted in a manner indicative of a collision or impaired driving. To infer from Officer Shatto's testimony that Defendant drove and crashed a motor vehicle, a fact-finder would have to speculate that the physical status of the vehicles was indicative of a collision or impaired driving, which we cannot permit. *See State v. Vigil*, 2010-NMSC-003, ¶ 20, 147 N.M. 537, 226 P.3d 636 ("For the [fact-finder] to have reached the conclusions necessary to the verdict, it had to speculate. This it may not do." (alterations, internal quotation marks, and citation omitted)).

{14}     The evidence presented by the State lacks operative facts that would link the charged offense to Defendant's admission. Outside of Defendant's extrajudicial statement, there is no evidence that the two parked vehicles were damaged, that a collision occurred in the parking lot, or that Defendant ever was in the vicinity of—much less operated—the vehicle she purportedly crashed. When we evaluate the trustworthiness of a defendant's extrajudicial statement, we "look not at the circumstances surrounding the statement, but instead at the actual content of the statement and evidence that corroborates the information contained in the statement." *Owelicio*, 2011-NMCA-091, ¶ 27. The metropolitan court, as the fact-finder in this case, could not infer the trustworthiness of Defendant's admission without an impermissible reliance on circumstances surrounding her extrajudicial statements.

9

{15} For the foregoing reasons, the State has failed to present sufficient evidence to establish the corpus delicti of driving under Section 66-8-102(B). Because the corpus delicti of driving was not established, we need not address Defendant's second argument on appeal. *See State v. Consaul*, 2014-NMSC-030, ¶¶ 3, 93, 332 P.3d 850 (reversing the defendant's conviction and ordering the charge be dismissed with prejudice after concluding the conviction was not supported by sufficient evidence).

**CONCLUSION**

{16} For the foregoing reasons, we reverse and remand with instructions to vacate Defendant's conviction for driving under the influence of drugs and dismiss the charges against her.

{17} **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge,
retired, sitting by designation**

**WE CONCUR:**

_____
**ZACHARY A. IVES, Judge**

_____
**SHAMMARA H. HENDERSON, Judge**

10