This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41611

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ZHUXUAN DONG,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Joshua J. Sanchez, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Benjamin L. Lammons, Assistant Solicitor General
Santa Fe, NM

for Appellee

The Law Office of Ryan J. Villa
Richelle Anderson
Daniel C. Chadborn
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** After a bench trial, Defendant Zhuxuan Dong was convicted in metropolitan court of driving while intoxicated (DWI), contrary to NMSA 1978, Section 66-8-102(A) (2016). Defendant contends that the State did not present sufficient evidence to establish that he operated a vehicle in the early morning hours of February 2, 2023, and therefore, the corpus delicti of the offense was not established by his admission alone. New Mexico's corpus delicti rule—the "modified trustworthiness rule"—provides that a defendant

cannot be convicted of a crime based solely on their confession; there must be some independent evidence of a criminal act. *See State v. Martinez*, 2021-NMSC-012, ¶ 31, 483 P.3d 590. Concluding that the State introduced sufficient evidence that Defendant admitted to law enforcement that he was driving the vehicle and sufficient evidence to independently establish the commission of the crime of DWI, we conclude that New Mexico's corpus delicti rule was satisfied and affirm.

**BACKGROUND**

**{2}**    At trial, the State called a sheriff's deputy as its only witness. The deputy testified that in the early morning hours of February 2, 2023, she was dispatched to respond to a single-vehicle crash. The deputy was not the first law enforcement officer on the scene. It was a cold night, and when the deputy arrived at around 4:00 a.m., Defendant was sitting inside a patrol vehicle to stay warm. Although the time of the crash was not established at trial, Defendant told the deputy that he had left Sandia Casino at around 2:00 a.m. and was heading westbound on Paseo when he hit a pole.

**{3}**    The deputy conducted a DWI investigation that included questioning Defendant and administering field sobriety tests. On direct examination, the deputy testified that she began her interview of Defendant by questioning him about what happened. She testified that Defendant told her "that he hit a pole while driving." When asked whether Defendant admitted he was driving, the deputy responded affirmatively. The deputy testified that Defendant explained that he was waiting for a personal tow to arrive and for his father to pick him up. The deputy commented that she did not see a pole nearby and was not able to confirm that the damage to the vehicle, which she examined, came from hitting a pole rather than from a collision with a car or other object.

**{4}**    The State entered into evidence and played for the court a sixteen-minute portion of the deputy's body camera footage (the video). The admitted portion showed Defendant's performance on field sobriety tests. During the video, following the completion of the tests, the deputy is shown telling Defendant that he is under arrest for DWI, and asking him if there is anything he wants to leave with his father, who apparently had arrived by then. In the last interchange on the video, the deputy tells Defendant that the tow truck has arrived and asks Defendant: "Do you have keys on you?" Defendant responds, "Yes" and is shown reaching into his jacket pocket as the video ends.

**{5}**    At the conclusion of the trial, the metropolitan court found the deputy's testimony that Defendant admitted he was driving, combined with the circumstantial evidence, was sufficient to establish beyond a reasonable doubt that Defendant operated the vehicle, an essential element of the crime of DWI. *See* UJI 14-4501 NMRA. Finding that the testimony and video of the field sobriety tests established that Defendant "as a result of drinking liquor . . . was less able to the slightest degree . . . to handle a vehicle with safety to the person and the public," the other essential element of DWI, *see id.*, the metropolitan court adjudicated Defendant guilty of driving while intoxicated in violation of

Section 66-8-102(A). Defendant timely appealed. We discuss other facts as relevant to our discussion of the issues.

**DISCUSSION**

**{6}** In order to convict Defendant of DWI, the metropolitan court was required to find, as an element of the crime, that Defendant operated a motor vehicle. *See id.*; UJI 14-4501. Defendant claims that the State failed to present sufficient evidence to establish the corpus delicti of this element of DWI. Specifically, Defendant argues that (1) the State failed to demonstrate Defendant's statements to the deputy amounted to an admission that Defendant was driving the vehicle involved in the crash that the deputy was investigating; and (2) even if we conclude that there was adequate evidence that Defendant admitted that he was the driver, the State failed to establish the trustworthiness of that admission by introducing independent evidence that Defendant was driving, as required by New Mexico's modified trustworthiness corpus delicti rule. *See Martinez*, 2021-NMSC-012, ¶ 31. We explain our standard of review, and then address each of these arguments in turn.

**I.      Standard of Review**

**{7}** "When reviewing a challenge to the sufficiency of the evidence, we assess whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Yanni*, 2023-NMCA-084, ¶ 5, 538 P.3d 121 (internal quotation marks and citation omitted). "We view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all permissible inferences in favor of upholding the verdict." *State v. Morrison*, 1999-NMCA-041, ¶ 14, 127 N.M. 63, 976 P.2d 1015 (internal quotation marks and citation omitted). We do not "weigh the evidence [or] substitute [our] judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. "We review de novo any claim that the State failed to prove the corpus delicti of the charged offense." *State v. Bregar*, 2017-NMCA-028, ¶ 46, 390 P.3d 212. "Additionally, where the determination of the corpus delicti rests on disputed facts, we will defer to the district court's findings of fact, provided that such findings are supported by substantial evidence." *State v. Martinez*, 2021-NMSC-012, ¶ 32 (internal citation omitted).

**II.     Substantial Evidence in the Record Supports the District Court's Finding That Defendant Admitted He Was Driving the Vehicle**

**{8}** Defendant contends that "[t]here was no evidence that indicated [Defendant] admitted to driving." In support of this claim, Defendant argues for the first time on appeal that the metropolitan court erred in admitting and crediting any of Defendant's statements to the deputy because Defendant lacked sufficient facility in the English language and no interpreter was present. We reject this argument because it was not preserved in the metropolitan court. *See* Rule 12-321(A) NMRA. Although Defendant

claimed at trial that he could not adequately understand and follow the deputy's directions during the field sobriety tests—and that the results of those tests should therefore not be considered by the court—Defendant never objected to the admission of the statements he made in response to the deputy's questions at the scene of the accident. Because this issue—i.e., Defendant's ability to communicate in English—was never raised below, denying the State the opportunity to respond to this argument and to attempt to admit additional evidence in response, we do not address it on appeal. *See, e.g.*, *State v. Barrera*, 2001-NMSC-014, ¶ 20, 130 N.M. 227, 22 P.3d 1177.

**{9}** We note that in addressing the objection to the admission of the field sobriety tests based on Defendant's alleged lack of facility in understanding complex instructions, the metropolitan court found that the video-camera exchange between Defendant and the deputy established that Defendant had sufficient facility in English to support the reliability of the test results.[1]

**{10}** Defendant next turns to the content of the statements he made to the deputy in response to her questioning prior to the field sobriety tests. The State admitted Defendant's statements through the deputy's testimony; the statements were not included in the video-camera footage. The deputy testified that Defendant admitted that he was driving. She reported that she asked Defendant an open-ended question about what happened, and he told her he left Sandia Casino, where he admitted he had been drinking, at around 2:00 a.m., and was heading westbound on Paseo del Norte when he hit a pole. The deputy quoted Defendant as stating that he "hit a pole *while driving.*" Under our standard of review, the testimony of a single witness constitutes substantial evidence, sufficient to uphold the conviction. *See State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333.

**{11}** Defendant relies on a portion of the deputy's testimony during cross-examination, claiming that her answers to cross-examination raise a doubt about whether Defendant said, "I hit a pole *while I was driving,*" as the deputy testified on direct, or simply said, "I hit a pole." Under our standard of review, it is for the trial court to resolve conflicts in the testimony, including conflicts in the testimony of a single witness. *See State v. Bloom*, 1977-NMSC-016, ¶ 5, 90 N.M. 192, 561 P.2d 465 ("Conflicts in evidence are to be resolved by the finder of the facts, . . . and this includes conflicts in the testimony of a witness."). The question on appeal is whether the "[trial] court's decision is supported by substantial evidence, not whether the [trial] court could have reached a different conclusion." *State v. Ernesto M. Jr.* (*In re Ernesto M., Jr.*), 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. The court's finding that Defendant admitted he was driving is supported by substantial evidence under the relevant legal standard.

---

[1]Referring to the video, the court found that Defendant asked several questions of the deputy that by their nature indicated he was seeking clarification or additional detail rather than that he completely lacked understanding of the directions. The court also found that instances where Defendant appeared confused were consistent with having consumed alcohol or having just been involved in an accident rather than lack of facility with English.

**III.     The Corpus Delicti Was Established by Independent Evidence Corroborating Defendant's Admission to Driving**

**{12}**     We turn next to Defendant's argument that his admission that he was driving was not supported by the independent corroborating evidence, which is required to establish the corpus delicti under New Mexico's modified trustworthiness rule. New Mexico's modified trustworthiness rule provides that "a defendant's extrajudicial statements may be used to establish the corpus delicti when the prosecution is able to demonstrate the trustworthiness of the confession and introduce some independent evidence of a criminal act." *Martinez*, 2021-NMSC-012, ¶ 31 (internal quotation marks and citation omitted). The corpus delicti rule prevents the prosecution from sustaining a conviction based solely on a defendant's admission to having committed a criminal act. Independent, corroborating evidence of the existence of the alleged crime must support the trustworthiness of the confession. *See id.* (holding that there must be independent evidence to confirm the existence of the alleged criminal act). "This independent evidence can consist of either direct or circumstantial evidence," but that evidence must corroborate Defendant's statement that the criminal event that forms the basis of Defendant's conviction—here DWI—occurred. *See id.* (internal quotation marks and citation omitted).

**{13}**     Defendant claims that the State failed to introduce any independent evidence that corroborates Defendant's statement that he "hit a pole." The admission that requires corroboration, however, is Defendant's admission that "he hit a pole while driving." The record corroborates Defendant's admission with the location of the damaged vehicle—immediately off the road along Paseo del Norte where Defendant described that he was driving; with the deputy's testimony that she examined the damage to the vehicle and that it was consistent with hitting an object; with the evidence that the keys to the vehicle were in Defendant's pocket; and with evidence that there was no other potential driver at the scene of the accident. The absence of evidence corroborating that the object hit was a pole, rather than some other object, does not put in doubt the trustworthiness of Defendant's confession to the essential facts—that he was driving his vehicle along Paseo del Norte when he hit an object. *See State v. Paris*, 1966-NMSC-039, ¶ 9, 76 N.M. 291, 414 P.2d 512 ("It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify [the fact-finder to make an] inference of their truth.").

**{14}**     Defendant argues in his brief on appeal that there is circumstantial evidence that undercuts his admission he was driving. Defendant claims the evidence shows that Defendant's father was present at 4:00 a.m. when the deputy arrived, and argues this implies that Defendant's confession is false and that his father could have been the driver. Our review of the evidence, however, shows that Defendant is mistaken: there is evidence that shows Defendant's father arrived just before Defendant completed the field sobriety tests and was not present earlier when the deputy arrived and interviewed Defendant. The deputy testified that when she arrived Defendant told her that he was waiting for his father to pick him up. At the end of the field sobriety tests, the deputy arrested Defendant, and asked whether Defendant wanted to leave anything with his

father, who had apparently arrived during the field sobriety testing. The evidence, with inferences drawn in the State's favor, shows that no other potential driver was on the scene following the crash, thus corroborating, rather than undercutting, Defendant's statement that he was driving.

**{15}** Finally, Defendant argues that the facts of this case are analogous to the facts before this Court in *Yanni*, where we held that the State failed to corroborate with independent evidence the defendant's admission that she had been driving a vehicle involved in an accident. 2023-NMCA-084, ¶ 14. In *Yanni*, the defendant confessed that she had driven a U-Haul truck while intoxicated and struck two vehicles in a parking lot. *Id.* ¶¶ 2-3. Unlike the evidence in this case, however, there was no evidence whatsoever to confirm that any part of the crime described by the defendant had actually occurred. *Id.* ¶ 13. There was no U-Haul at the scene, there were no damaged cars in the parking lot, and no witness testified that the defendant had driven a vehicle that day. *Id.* ¶ 2. Based on the complete absence of evidence confirming that a crime had been committed, we concluded the corpus delicti rule had been violated, and the conviction could not stand based on the defendant's confession alone. *Id.* ¶ 11. In this case, in contrast, the deputy testified that she examined the damage to the vehicle, which was located at the side of the road, confirmed that no other individual was there who could have been the driver, confirmed Defendant's admission that he had been drinking, and showed through video evidence that Defendant was in possession of the keys to the vehicle. This is sufficient circumstantial evidence of the occurrence of the crime of DWI. Further, it corroborates the truth of Defendant's admission that he was operating the vehicle, thereby satisfying the corpus delicti rule.

## CONCLUSION

**{16}** For these reasons, we affirm Defendant's conviction.

**{17} IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JENNIFER L. ATTREP, Judge**